[Cite as *State v. Miller*, 2022-Ohio-2049.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN T. MILLER, | : | Case No. 2021CA0031 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Coshocton
                             Municipal Court, Case No.
                             CRB2100499

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            June 16, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RICHARD A. SKELTON                        ROBERT E. WEIR
Assistant Law Director                    239 N. 4th Street
760 Chestnut Street                       Coshocton, Ohio 43812
Coshocton, Ohio 43812

*Baldwin, J.*

**{¶1}**   Defendant-appellant John Miller appeals his conviction and sentence from the Coshocton Municipal Court on one count of criminal trespass. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On October 26, 2021, a complaint was filed alleging that appellant committed the offense of criminal trespass in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree. Appellant, on October 28, 2021, entered a plea of not guilty to the charge. Thereafter, a bench trial was held on December 8, 2021. The following evidence was adduced at trial.

**{¶3}**   Deputy Scott McClain of the Coshocton County Sheriff's Office was dispatched on October 17, 2021 to Glenview Way in response to a call about a suspicious person. He was advised that appellant was at 2525 Glenview Way which is a privately-owned apartment residence where appellant's children and their mother reside. The Deputy testified that dispatch advised that appellant "had been trespassed on the property before, but they couldn't find any evidence of it." Trial Transcript at 5. Deputy McClain and several other deputies made contact with appellant and "[a]sked him if he had been trespassed before from the property." Id. Appellant told them that he had been "trespassed" before by Deputy Hill, but Deputy McClain was unable to locate where Deputy Hill "had trespassed him the first time." Trial Transcript at 5. Deputy McClain testified that instead of pursuing charges for trespassing at that point, he trespassed appellant again at approximately 7:07 p.m. He testified that he advised appellant that if he returned to the property for any reason, he would be arrested. The Deputy testified

that he logged the trespass information into the command log and let dispatch know.  The command log states that he told appellant that he was not allowed to be at Glenview Way and that if he was found here, he would be arrested and charged with trespassing.

{¶4}    On cross-examination, Deputy McClain testified that he did not speak with anyone who managed the apartment or anyone with authority. When questioned by the court, the Deputy testified that dispatch had advised him that appellant had been trespassed by the property manager but that he did not find anything about that. He further testified that appellant said that he had been trespassed by Deputy Hill, "and he had the argument  that he needed access to his children, and was going to continue to come up there." Trial Transcript at 8. Deputy McClain told appellant that he was not allowed to step foot on the property, the driveway, the parking area or the house.

{¶5}    Deputy Austin Wheeler of the Coshocton County Sheriff's Office testified that he was part of a group of deputies who responded to a report of appellant being at Glenview Way on October 17, 2021 and that he was present when Deputy McClain told appellant not to be back on that property. He testified that he heard appellant say that he was coming back anyway. Deputy Wheeler testified that on October 25, 2021, he was dispatched to Glenview Way and found appellant on the property. He testified that appellant was in the driveway attempting to leave the residence and that he initiated a traffic stop and arrested appellant for criminal trespass. On cross-examination, Deputy Wheeler testified that he never spoke with anyone with authority at Glenview Apartments.

{¶6}    At the conclusion of the evidence, the trial court found appellant guilty of criminal trespass, stating, in relevant part, as follows:

{¶7} THE COURT: As a law enforcement officer, if a person is causing problems in a situation in a place – in this case it wasn't just October the 17th, it was prior because he was told by another deputy not to come back to that property, which is private property. Even though it's public housing, it's private property owned by a private entity. And the deputy says, "You are not allowed back on here. If you come back, you are going to be a subject to arrest." He comes back on the 17th, admits, "Yep, somebody told me that before, but I'm not going to listen to you." And then he said, "Well, you better, or you are going to get arrested the next time." So he comes back on the 25th, then he gets arrested. That sounds like trespass.

{¶8} A deputy with a uniform, law enforcement officer, I think, has authority to direct and inform that defendant, the defendant that he is not allowed to be there. So I'm going to find him guilty.

{¶9} Trial Transcript at 15-16.

{¶10} Appellant now appeals, raising the following assignments of error on appeal:

{¶11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING APPELLANT GUILTY OF VIOLATING O.R.C. [SECTION] 2911.21(A)(1)."

{¶12} "II. THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY OF VIOLATING O.R.C. [SECTION] 2911.21(A)(1), WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE".

{¶13} "III. THE DECISION OF THE TRIAL COURT, FINDING APPELLANT GUILTY OF VIOLATING O.R.C. [SECTION] 2911.21(A)(1), WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## I, II, III

**{¶14}** Appellant, in his first assignment of error, argues that the trial court erred as a matter of law in convicting him of violating R.C. 2911.21(A)(1). In his second and third assignments of error, he argues that his conviction for criminal trespass is against the manifest weight and sufficiency of the evidence.

**{¶15}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held as follows:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

**{¶16}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶17}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

**{¶18}** Appellant, in the case sub judice, was convicted of criminal trespass in violation of R.C. 2911.21(A)(1). Such section states as follows:(A) No person, without privilege to do so, shall do any of the following:(1) Knowingly enter or remain on the land or premises of another.

**{¶19}** "Privilege" is defined by R.C.2901.01(A)(12) as meaning "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." "Privilege" is the distinguishing characteristic between criminal trespass and lawful presence. *State v. Casey*, 8th Dist. Cuyahoga No. 99742, 2014-Ohio-1229.

**{¶20}** A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively

believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact. R.C. 2901.22(B).

**{¶21}** We find that the trial court did not err in convicting appellant of violating R.C. 2911.21(A)(1) and that his conviction is not against the manifest weight and sufficiency of the evidence. There was testimony that Deputy McClain had been advised by dispatch that appellant "had been trespassed by the property manager." Trial Transcript at 7. Appellant, who did not reside at the apartment, therefore, did not have privilege to be on the property which was privately owned. Appellant did not have an expectation of "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." "On October 17, 2021, Deputy McClain had contact with appellant and asked him "if he had been trespassed before from the property." Trial Transcript at 5. Appellant said that Deputy Hill had "trespassed" him before. Because Deputy McClain could not locate where Deputy Hill had trespassed appellant the first time, he did not pursue charges for trespass at that point, but trespassed appellant again at approximately 7:07 p.m. and advised appellant that if he returned to the property for any reason, he would be arrested. On October 25, 2021 appellant was seen on the property and arrested for criminal trespass.

**{¶22}** Based on the foregoing, we find that that the trial court did not err in convicting appellant of criminal trespass and that appellant's conviction for criminal trespass is not against the manifest weight or sufficiency of the evidence.

**{¶23}** Appellant's three assignments of error are, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Coshocton Municipal Court is affirmed.

By: Baldwin, J.

Gwin, P.J. concur

Hoffman, J. concurs separately.

*Hoffman, J., concurring*

{¶25}  I concur in the majority's disposition of this appeal. My concurrence is based solely on the testimony by Deputy McClain Appellant "had been trespassed" by the property manager.[1]   However, it appears clear the trial court did not rely upon that testimony in reaching its verdict.

{¶26}  The trial court noted "Even though it's public housing, it's private property owned by a private entity", coupled with Appellant's admission he was told by someone [another deputy] not to come back but he did so anyway.  The trial court concluded "That sounds like trespass."  [Trial transcript at 15-16].  While I agree such scenario may sound like trespass, I find it is legally insufficient to establish the crime.  The trial court candidly admitted, "I think" a uniformed deputy, law enforcement officer, has authority to direct and inform the defendant he was not allowed to be there. *Id.*  I write separately to say I think otherwise.[2]

---

[1] Though clearly hearsay as it was offered to prove the truth of the matter asserted, there is no challenge to the admission of this testimony in this appeal.

[2] The majority reiterates the testimony regarding the fact Appellant had been "trespassed" before by law enforcement officers in its analysis thereby inferentially suggesting such may have supported the trial court's verdict.

{¶27} Unless the owner of the private property open to the general public (or a designated representative with management authority) either: 1) posts notice of restricted access to the property, or 2) specifically communicates to someone their access is denied, members of the public have an implied grant of privilege to enter onto the premises. Appellant's status as a visitor or guest of a resident and/or his status and relationship as father of children living on the premises, constitutes an implied grant of privilege.